# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY BONTEMPS,　　　　　　　　　　No. 2:17-CV-0881-GEB-CMK-P

　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

J. LEBECK,

　　　　Defendant.

_____/

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On June 9, 2017, the court directed plaintiff to pay the full filing fees for this case within 30 days of the date of the order. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court orders and rules. See Local Rule 110. As of September 29, 2017, plaintiff had not complied and the court directed plaintiff to show cause within 30 days why the action should not be dismissed. To date, plaintiff has not responded to the order to show cause but has, instead, filed a motion for leave to proceed in forma pauperis (Doc. 6).

/ / /

1

Plaintiff is not entitled to in forma pauperis status for this case because he has three or more prior actions dismissed as frivolous or for failure to state a claim. The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

When in forma pauperis status is denied, revoked, or otherwise unavailable under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated

that the appellant "may resume this appeal upon prepaying the filing fee."

This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

The court outlined plaintiff's history of strikes in Bontempts v. Bayne, et al., E. Dist. Cal. No. 2:12-CV-2791-CKD.[1] In an order issued on July 18, 2013, the court listed the following strikes: (1) Bontemps v. Kramer, E. Dist. Cal. No. 2:06-CV-2483-JAM-GGH, dismissed for failure to state a claim; (2) Bontempts v. Kramer, E. Dist. Cal. No. 2:06-CV-2580-GEB-GGH, dismissed for failure to state a claim; and (3) Bontemps v. Gray, E. Dist. Cal. No. 2:07-CV-0710-MCE-CMK, dismissed for failure to state a claim. Because plaintiff has had three or more actions dismissed for failure to state a claim, plaintiff is not entitled to proceed in forma pauperis in this action absent allegations of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the complaint does not reveal any allegations of imminent danger of serious physical injury. Plaintiff complains that, on June 23, 2016, he was forced to climb two flights of stairs despite being an "ADA inmate." According to plaintiff, he fell and sustained injuries to his lower back and right foot. Because plaintiff complains of a one-time event and not about prison conditions which create an imminent danger of harm, plaintiff has not established

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

an exception to the three-strikes rule barring him from in forma pauperis status.

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 6) be denied; and

2. This action be dismissed without prejudice to re-filing upon pre-payment of the filing fees.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 18, 2018

    _____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE